

**LAW OFFICES OF
ROBERT E. BROWN, P.C.**

www.RobertBrownLaw.com

14 Wall Street, 20th FL New York, NY 10005  Tel. 212.766.9779
1200 South Avenue - Suite 201, Staten Island, NY 10314  Tel. 718.979.9779  Fax. 718.979.9784
RBrown@RobertBrownLaw.com

November 20, 2024

***VIA ECF***

Honorable Dora Lizette Irizarry
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: USA v. Nicholas Arcuri
      Case No: 24-CR-00225 (DLI)

Dear Judge Irizarry:

  This firm represents Defendant Nicholas Arcuri. I write to Your Honor to advise that my client **does not** have any objections to the facts or guidelines contained in the Presentence Investigation Report, dated November 6, 2024. However, we have identified the following inaccuracies that we believe require correction and/or clarification.

  On Page 1, my office address is incorrect. It should have been:
1200 South Avenue - Suite 201
Staten Island, NY 10314

  On Page 1, **Release Status:** Defendant was released from custody on August 5, 2024 – not 2023.

  On Page 4, Paragraph 7: It should be noted that the handwritten cash payroll ledger was provided to the IRS case agent by Mr. Arcuri.

  On Page 5, Paragraph 9 **Victim Impact**: It should be noted that on August 8, 2024, Your Honor granted the Joint Motion for Pre-Sentence Payments. On August 9, 2024, Mr. Arcuri paid the entire tax loss of $635,498 in full.

On Page 5, Paragraph 11 **Adjustment for Acceptance of Responsibility**:

Mr. Arcuri was advised by his then accountant that he could not pay his immigrant workforce by check and that he had to pay them by cash. The report is inaccurate in that Mr. Arcuri never told his employees they would be paid by check and they never threatened to quit. Rather, Mr. Arcuri feared that his long-time, well-compensated employees would quit if they did not receive their pay in cash. Additionally, he did not hire an immigration attorney to obtain legal status for his employees after his arrest on August 5, 2024. He did so in 2022 after he was first approached by the IRS case agent.

On Page 8, Paragraph 34, Mrs. Arcuri was in shock when she learned of the IRS investigation into Mr. Arcuri in 2022 – not when he was arrested on August 5, 2024.

On Page 10, Paragraph 44, the business checking account with approximately $300,000 in it was disclosed on my client's Personal Financial Statement. However, it is the operating account for Capri Upholstery – the company that he co-owns with his two brothers.

On Page 12, **Assets**, the same business checking account referenced above is listed as containing $303,339.66. It is the operating account for Capri Upholstery – the company that he co-owns with his two brothers.

On Page 13, **Liabilities**, the Loan from Parents of $300,000, which was used towards paying the restitution amount, is not Mr. Arcuri's sole responsibility to repay. The loan was made to Mr. Arcuri and his two brothers. Therefore, he is only responsible to pay back one-third of the loan or $100,000.00.

Respectfully Submitted,

Robert E. Brown

cc:
Richard J. Kelley, Trial Attorney of the U.S. Department of Justice, Tax Division,
Jeffrey A. McLellan, Trial Attorney of the U.S. Department of Justice, Tax Division
Senior U.S. Probation Officer Jennifer E. Baumann